PHILADELPHIA INVESTMENT CO. v. GEORGE B. BOWLING.

ATTACHMENT. *Removal of property from state. Money.*

> A debtor going from this state, expecting to return, and leaving
> sufficient property accessible to creditors to pay his debts, may
> take money without subjecting himself to attachment, but, money
> being, by § 3471, code 1892, subject to be taken under execution or
> attachment, one whose sole property in this state consists of money
> on deposit, by going out of the state and taking with him the money,
> subjects himself to attachment, although he expects to return.

FROM the circuit court of Lee county.

HON. NEWNAN CAYCE, Judge.

Attachment by the Philadelphia Investment Company against
George B. Bowling. The sole determining question in this
case is whether Bowling was subject to attachment under § 129,
code 1892, on the ground that he had removed himself, or his
property, out of the state. On the trial of his plea in abate-
ment traversing the ground of attachment, he testified that, at
the time the attachment was levied, he was getting ready to go
to England, and had been gathering up his money on deposit in
different places in Mississippi to prepare for that trip; that he
had deposits in different banks in Mississippi, shortly before,
aggregating $10,000; that he did go to England about thirty
days after the attachment was sued out, going first to Tennessee
on a business trip, expecting to return shortly, and that he took
the $10,000 spoken of with him. It is unnecessary to notice
other points presented by the record but not passed on by the
court. There was a verdict and judgment for the defendant,
and plaintiff, after a motion for a new trial overruled, appeals.

*J. W. Buchanan, J. L. Finley* and *Adams & Trimble,* for
appellant.

If the money of Bowling had remained in the state, the banks

could have been summoned as garnishees, and the money subjected to the attachment. Money has been often adjudicated to be property. 19 Am. & Eng. Enc. L., 286, 288. The deposits constituted debts due to Bowling, and, in this sense, were personal property. Code 1892, §§ 1513, 1514; 2 Wall., 256. The statute authorizes an attachment whenever it is proven that defendant has removed, or is about to remove, his property from the state, and it applies whether he expects to carry it himself or not, and although he expects to come back.

No counsel for appellee.

WHITFIELD, J., delivered the opinion of the court.

One may, on going out of the state expecting to return, and leaving property accessible to creditors amply sufficient to pay his debts, take with him, for a business or pleasure trip, money without subjecting himself to attachment. But one whose sole property in this state consists of ten thousand dollars on deposit in various banks in this state, cannot remove himself and such ten thousand dollars out of this state without subjecting himself to attachment. Money is, by statute (Code 1892, § 3470), subject "to be taken under execution or attachment," and the attachment law as to removing one's property out of the state must receive a sensible and practical construction. The peremptory instruction asked by appellant should have been given.

*Reversed and remanded.*